# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Masjid Malcom Shabazz House of
Worship, Inc.,

                  Plaintiff,

v.

City of Inkster, Michigan, and
Mark Minch, in his individual
capacity,

                  Defendants.

Case No. 19-cv-11823

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE [1] AND DENYING DEFENDANTS' MOTION TO DISMISS [9]

Plaintiff Masjid Malcolm Shabazz House of Worship brought this civil rights case in state court in February 2019. In May 2019, the state court dismissed for non-service and Plaintiff filed a motion to reinstate. In June 2019, while the motion to reinstate was still pending, Defendants Mark Minch and the City of Inkster, Michigan removed the action to federal court. On July 19, 2019, Defendants filed a motion to dismiss. In response, Plaintiff challenged this Court's authority to hear the case,

arguing that, because the case had been dismissed in state court, there was no action to remove and no federal jurisdiction over the matter.

For the reasons stated below, removal and jurisdiction are both proper. The Court GRANTS Plaintiff's motion to reinstate and DENIES Defendants' motion to dismiss.

## I.    BACKGROUND

On February 20, 2019, Plaintiff Masjid Malcolm Shabazz House of Worship, Inc. ("Shabazz") filed a complaint in the Wayne County Circuit Court ("WCCC"). (ECF No. 9-2, PageID.185.) Plaintiff alleged that Defendants—Inkster Building Official Mark Minch and the City of Inkster, Michigan—unlawfully designated Plaintiff's properties for demolition in violation of Plaintiff's statutory and constitutional rights. (ECF No. 1, PageID.12-17.) Plaintiff also filed a motion on February 20, 2019 for a temporary restraining order.[1] (ECF No. 9-2, PageID.185.) That same day, WCCC issued a summons that would expire on May 22, 2019.[2] (ECF No. 1, Page ID.5.)

---

[1] The WCCC Register of Actions does not show any further activity on this motion. (ECF No. 9-2, PageID.185.)

[2] The WCCC summons states: "This summons is invalid unless served on or before its expiration date." (ECF No. 9-4, PageID.201.)

Plaintiff attempted to serve Defendants via FedEx on May 20, 2019. (ECF No. 9-2, PageID.188, 191.) Plaintiff's attorney signed proofs of service stating, "I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with Complaint and Jury Demand with Exhibits." (ECF No. 9-3, PageID.187.) Plaintiff attached FedEx delivery slips and receipts to these proofs stating that FedEx delivered the pleadings to Defendants on Monday, May 20, 2019, at 9:18 a.m. (ECF No. 9-3, PageID.187-192.) The FedEx slips state that the packages were "signed for by: Y.HOLMES." (ECF No. 9-3, PageID.188, 191.) On the date of service, the summons was still valid. (ECF No. 1, PageID.5.)

On May 23, 2019—the day after the summons expired—Plaintiff attempted to file the proofs of service with WCCC, but WCCC rejected the filing as noncompliant with court guidelines.[3] (ECF No. 9-4, PageID.194.) Pursuant to M.C.R. 2.102(E), which requires dismissal "as to a defendant who has not been served with process as provided in these rules" upon "expiration of the summons," WCCC dismissed Plaintiff's action without prejudice. (ECF No. 9-2, PageID.185.) Later that day,

---

[3] The WCCC website suggests that the court rejected Plaintiff's filings because Plaintiff did not "submit individual lead document filings for each party." (ECF No. 9-4, PageID.211.)

3

after communicating with Plaintiff about the erroneous filing, the WCCC clerk then re-filed the proofs and docketed three entries: two entries titled "Service of Complaint, filed" and one entry titled "Proof of Service, filed." (ECF No. 9-2, PageID.185; *see* ECF No. 9-4, PageID.195.) Though WCCC docketed the proof of service, WCCC did not reinstate the case that day.

On May 31, 2019, Plaintiff filed an *ex parte* motion to reinstate its cause of action. (ECF No. 9-4, PageID.194.) On June 3, 2019, Defendants' counsel sent Plaintiff's counsel an email identifying himself as the Inkster City Attorney. (ECF No. 9-5, PageID.219.) Defendants' email noted that they "recently received a Summons & Complaint drafted by [Plaintiff] on behalf of the Shabazz House of Worship" and asked Plaintiff to "advise when you served my Client and whether you will agree to a two *[sic]* extension of time in which to file an Answer or a responsive pleading." (*Id.*) On June 6, 2019, Plaintiff filed a notice of hearing for its *ex parte* reinstatement motion for a June 21, 2019 hearing. (ECF No. 9-6, PageID.221.) Plaintiff did not serve Defendant with this notice. (*See id.* at PageID.221, 223.)

On June 19, 2020, Defendants removed this case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1331. (ECF No. 9-8, PageID.231.) Defendants emailed Plaintiff's attorney on the same day to notify her of the removal. (ECF No. 9-8, PageID.230.) Defendants filed a notice of removal with WCCC on June 20, 2019, and WCCC's proof of service indicates that Plaintiff's counsel was formally served through WCCC's e-filing system. (ECF No. 9-7, PageID.227-228.)

On June 21, 2019—after all entities had notice that the case was removed to federal court—Plaintiff requested a hearing with the state court on Plaintiff's reinstatement motion. (ECF No. 9-9, PageID.234.) WCCC heard *ex parte* oral argument on the motion that same day. (ECF No. 9-2, PageID.185.) Plaintiff then filed a proposed order granting Plaintiff's motion to reinstate, which Defendants received through WCCC's e-filing system. (ECF No. 9-10, PageID.236-237.) On June 24, 2019, WCCC granted Plaintiff's proposed order and reinstated the case in state court. (ECF No. 9-11, PageID.239.) The following day, on June 25, 2019, WCCC issued a scheduling order in the case. (ECF No. 9-12, PageID.241.) Both the June 24 order reinstating the case and the June

25 scheduling order were entered after Defendants removed this case to this Court.

On July 19, 2019, Defendants filed a motion in this Court to dismiss Plaintiff's complaint for improper service. (ECF No. 9, PageID.169.) Defendants' motion also requested that this Court vacate the two WCCC orders entered after this case was removed. (*Id.*) Plaintiffs responded on August 23, 2019, arguing that this Court does not have subject matter jurisdiction over this case and Defendants do not have standing to bring their motion to dismiss. (ECF No. 12, PageID.250-251.) Plaintiff also requested attorney fees and costs associated with responding to this motion. (*Id.*)

## II.   LAW AND ANALYSIS

For the reasons below, this case was properly removed pursuant to 28 U.S.C. § 1441(a) and is appropriately before this Court. WCCC was thus divested of jurisdiction on the date of removal, and WCCC's two post-removal orders are VOID. Further, both Plaintiff's motion to reinstate and Defendants' motion to dismiss turn on whether Plaintiff properly served Defendant under Michigan law. In finding that Plaintiff timely served Defendant and that Defendant received actual notice of the

action, this Court GRANTS Plaintiff's motion to reinstate and DENIES Defendants' motion to dismiss.

## A. Removal and Jurisdiction

Before turning to the parties' pending motions, the Court must first establish that the case is properly before this Court. The question here is whether a case that has been dismissed in state court with a pending motion to reinstate may still be properly removed to federal court.

District courts may hear "any civil action brought in a State court," so long as three conditions are met: 1) the district court would have original jurisdiction over the claim had it been brought in federal court; 2) the district court represents "the district and division embracing the place" where the suit was removed from state court; and 3) the action before the court was pending at the time of removal. *See* 28 U.S.C. § 1441(a). Here, Plaintiff challenges the third component of proper removal,[4] arguing that this case was not "pending" within the meaning

---

[4] There is no question that this Court has original jurisdiction over Plaintiff's case: 28 U.S.C. § 1331 grants subject matter jurisdiction over Plaintiff's constitutional and Section 1983 claims, while 28 U.S.C. § 1367(a) grants jurisdiction over the Michigan statutory claims. Further, WCCC and this Court are within the same county, making this Court "the district and division embracing the place" where the suit was removed. 28 U.S.C. § 1441(a).

of § 1441 because, when Defendants removed this action, WCCC had not yet reinstated the case after its May 23 dismissal. (*See* ECF No. 12, PageID.260.) The remedy for improper removal is a remand to state court. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007).

Upon removal, the district court must "take up the case where the State court left it off." *Chaz Const., LLC v. Codell*, 137 Fed. Appx. 735, 742-43 (6th Cir. 2005). Because this Court "inherited the entire case upon removal," *id.*, we look to the state court docket prior to removal to determine the posture of the case in federal court.

Defendants removed this case after WCCC dismissed it for improper service. At the time of removal, Plaintiff's motion to reinstate had been pending before WCCC for nineteen days. (ECF No. 9-2, PageID.185.) The posture of this case "on removal" is therefore: dismissed with a pending motion for reinstatement. *See Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 433 (6th Cir. 2016) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974)). As such, the question is

whether a dismissed case with a pending motion for reinstatement is "pending" within the meaning of 28 U.S.C. 1441(a).

The Sixth Circuit has not spoken to this question. The Seventh Circuit, however, recently analyzed the term "pending" in a similar suit. In *Yassan v. J.P. Morgan Chase & Co.*, the state court dismissed a case for want of prosecution after the plaintiff's counsel failed to appear at a status hearing. 708 F.3d 963, 965 (7th Cir. 2013). Unaware of the dismissal, the defendant removed the case to federal court on the following day. *Id.* The question was thus whether "a case dismissed for want of prosecution on the previous day in state court can still be considered pending there." *Id.* at 968. While the Seventh Circuit could not find a "federal case that authoritatively define[d] the term pending for the purposes of 28 U.S.C. § 1441(a)," the court did conduct a helpful review of the term in similar contexts:

> Faced with applications for habeas relief that were potentially time-barred, the Supreme Court and several circuit courts have been forced to wrestle with the meaning of the term pending. In *Carey v. Saffold*, 536 U.S. 214, 219 (2002), the Supreme Court looked to the definition in *Webster's Third New World Dictionary*, which defined pending as "in continuance" or "not yet decided." From this definition, the Supreme Court concluded that an application was pending until it had achieved final resolution." *Id.* at 220. Relying on *Carey*, the Eleventh Circuit later elaborated that "pending

refs to the continuation of the process, or the time until the process is completed . . . . [T]he claim remains pending until the time to seek review expires." *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006); *cf. Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (recognizing that "pending" meant something broader than "remain[ing] unresolved by a state district court"). Likewise, when considering the time limit for a criminal appeal, [the Seventh Circuit] suggested in *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010), that a case is pending in the district court until "the district judge is really finished with the case."

*Yassan*, 708 F.3d at 969. With this guidance, the Seventh Circuit then concluded that a state civil action is "pending" for the purposes of 28 U.S.C. § 1441(a)—and therefore removable—"as long as the parties are still actively contesting the case in the state court system." *Id.* Because the dismissal for want of prosecution was not "a final and appealable order," but rather an interlocutory order "both refileable and reinstatable in Illinois state court," and because "both parties actively continued to contest the case, as evidenced by [the defendant's] filing of a removal petition the next day," the Seventh Circuit found that Yassan's case was still pending in Illinois state court on the date of removal and was thus "capable of being removed under 28 U.S.C. § 1441(a)." *Id.* at 971.

Other circuits have similarly interpreted the removal statute. In *Brockway v. Evergreen Int. Trust*, the Fourth Circuit found that an action

dismissed in state court prior to removal remains operable where the "state court still had the authority to modify, amend, or vacate the dismissal order." 496 Fed. Appx. 357, 361 (4th Cir. 2012) (noting that the appellant had filed motions to modify the dismissal order and amend the original complaint). *See also Aurora Loan Services, LLC v. Allen*, 762 Fed. Appx. 625, 627-28 (11th Cir. 2019) (noting that courts have allowed post-judgment removal in limited circumstances, but refusing to allow removal when the case had "completely concluded" and "nothing remained for the state courts to do but execute the judgment"); *Oviedo v. Hallbauer*, 655 F.3d 419, 422-23 (5th Cir. 2011) (assuming that post-judgment removal "can be proper," but finding that post-judgment removal is improper "where the state court judgment [is] no longer subject to modification by the rendering court or subject to further direct appellate review").

Though the Sixth Circuit has not analyzed the definition of "pending" within the meaning of § 1441, it has held that "[w]hen all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized." *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006). In *Doe*, the defendant Lewis attempted to remove a subpoena compliance

action to federal court after litigating a separate, almost-identical subpoena action through to the Ohio Supreme Court. *Id.* at 505. Finding that the two actions were separate "only in the most technical[] and trivial[] sense," the Sixth Circuit found removal inappropriate because

> Lewis had clearly chosen a state forum. . . . Treating Lewis's nearly-identical second subpoena enforcement as a separate action for purposes of removal would create a bizarre and unjust result: an opportunity to relitigate in a new forum an already failed effort to resist compliance that would be procedurally barred in state court.

*Id.* at 508.

*Doe* establishes an outer boundary with respect to "pending" within the meaning of 28 U.S.C. § 1441(a): removal is not proper—because an action is not pending—"when all that remains of an action is the enforcement of a judgment." *See id.* at 507; *Huntington Nat. Bank v. Thompson*, 2015 WL 10742832 (S.D. Ohio, Nov. 18, 2015) (citing *Ohio v. Doe* for this proposition).

Plaintiff Shabazz's case does not approach *Doe*'s outer limit. Unlike *Doe*, where the defendant "chose to wait to bring federal defenses until she saw how her state law defenses fared," 433 F.3d at 508, Defendants' very first action in this state case was to remove it. Additionally, though

the state court procedurally dismissed this case on March 23, both parties continued to aggressively litigate it in both state and federal court. Indeed, after removal, Plaintiff pursued—and succeeded on—its motion to reinstate in state court, and Defendant filed an answer and a motion to dismiss in federal court. (ECF Nos. 1; 6; 9; 9-2, PageID.185.) This is demonstrably not the *Doe* scenario, in which "all that remain[ed] of the action [was] the enforcement of a judgment." *Doe*, 433 F.3d at 507. Rather, this case more closely resembles *Yassan*, where the Seventh Circuit found the action removable because "the parties [were] still actively contesting the case in the state court system" and the state's dismissal was "both refilable and reinstatable in [] state court." 708 F.3d at 969.

This reasoning aligns with Sixth Circuit precedent. The Sixth Circuit has held that federal appellate courts may review individual claims dismissed in state court prior to removal, even if the federal district court did not actually rule on the claims. *Codell*, 137 Fed. Appx. 735 at 742-43 (holding that the Sixth Circuit had jurisdiction over all dismissed claims when the state court dismissed three claims, the defendant removed, the federal district court dismissed the remaining

claims, and then the plaintiff appealed everything). Because district courts inherit "the entire case upon removal," federal courts may "review [certain dismissed] decision[s] of the state court prior to removal." *See id.*; *Noland v. Allstate Indem. Co.*, 826 F. Supp. 2d 1065, 1066 n.1 (E.D. Mich. Oct. 14, 2011) (noting in dicta that the federal court had jurisdiction to hear a case removed from state court after the state court had procedurally dismissed the case).

For these reasons, this case was "pending" within the meaning of 28 U.S.C. § 1441(a) at the time of removal and is now properly before this Court. As a consequence, WCCC was divested of jurisdiction on June 20, 2019. WCCC's June 24 order reinstating the case and WCCC's June 25 scheduling order—both entered after this case was properly removed— are hereby VOID. 28 U.S.C. § 1446(d) (upon removal, "the State court shall proceed no further unless and until the case is remanded"); *Metro. Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 566 (1941) ("proceedings in the state court subsequent to the petition for removal . . . are void if the cause was removable"); *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("Because § 1446(d) explicitly states that "the State court shall proceed no further" once removal is effected, 28 U.S.C. § 1446(d) . . . the

statute deprives the state court of further jurisdiction over the removed case and [] any post-removal actions taken by the state court in the removed case action are void *ab initio*."); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3737 (3d ed. 1998) (following removal, any further proceedings in a state court are *coram non judice* and will be vacated even if the case is later remanded).

Plaintiff also argues that Defendants do not have standing to challenge the orders entered subsequent to removal. (ECF No. 12, PageID.261.) However, it is axiomatic that Defendants have standing to defend when they "possess a direct stake in the outcome." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 44 (1997). Plaintiff is seeking declaratory, injunctive, and monetary relief against Defendants. (ECF No. 1, PageID.17.) Defendants thus possess a direct stake in the outcome of this case and have standing to file any appropriate motions, including the one at issue, to defend it. *See Arizonans for Official English*, 520 U.S. at 44.

### B. Plaintiff's Pending Motion to Reinstate

Because the district court must "take up the case where the State court left it off," *Codell*, 137 Fed. Appx. at 742-43, this case is currently dismissed with a pending motion to reinstate.[5] Though Plaintiff initially filed its motion to reinstate the case in state court, the motion must be construed as a more general request to reinstate the case for three reasons:

1) As previously discussed, Plaintiff's action is now properly within this Court's jurisdiction, and all previous state orders are only in effect "until dissolved or modified by the district court." *Codell*, 137 Fed. Appx. at 743; *Munsey v. Testworth Laboratories, Inc.*, 227 F.2d 902, 903 (6th Cir. 1955) ("When a case is removed, the federal court takes it as though everything done in the state court had in fact been done in federal court.");

2) The same law—Michigan state law—will govern the motion regardless of which court decides it. *See Dernis v. Amos Financial*, 701 Fed. Appx. 449, 453 (6th Cir. 2017); and

3) While this case may be pending within the meaning of 28 U.S.C. § 1441(a), the case's posture is "dismissed." This Court cannot determine Defendants' motion to dismiss

---

[5] Prior to removal, Plaintiff also filed a motion for a temporary restraining order (TRO). (ECF No. 9-2, PageID.185). Even though this motion is also technically "pending" under *Codell*, neither party has provided the Court with a copy of the application for a TRO or argued it in any way. The Court thus declines to take it up at this time.

without determining first that there is an action to dismiss.[6]

WCCC entered a non-service dismissal for Plaintiff's case on May 23, 2019. (ECF Nos. 9-2, PageID.185; 12-3, PageID.285.) On the same day that WCCC entered the dismissal, it also entered two notices for "Service of Complaint, filed" and one notice for "Proof of Complaint, filed." (ECF No. 9-2, PageID.185). Plaintiff's May 31 motion to reinstate argues that WCCC erroneously auto-dismissed the case after rejecting the format of Plaintiff's proof of service, even though Plaintiff was able to correct the filing with the clerk on the same day. (ECF No. 12-3, PageID.269-271.) Plaintiff additionally argues that its service was "effectuated timely and in accordance with the Court's rules." (*Id.* at PageID.271.)

Defendants' motion to dismiss is responsive to these arguments, as the basis of Defendants' motion is dismissal due to improper service of the complaint. Defendants argue that, regardless of whether Plaintiff

---

[6] Additionally, to the extent that the Court could construe Plaintiff's May 31 motion or August 23 response as a motion for remand, this Court declines to do so. As set forth above, removal was proper. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (removal under 28 U.S.C. § 1441 is appropriate when federal jurisdiction existed at the time of removal, without consideration of subsequent events); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (on a motion to remand, the defendant bears the burden of establishing that removal was proper).

correctly filed the proof of service, Plaintiff's service *itself* was defective. Specifically, Defendants argue that Plaintiff failed to appropriately serve Defendants according to M.C.R. 2.105—which requires service by certified or registered mail—because Plaintiffs served Defendants via Federal Express ("FedEx"), and FedEx "is not a recognized or permitted method of service under M.C.R. 2.105." (ECF No. 9, PageID.176.)

While federal law "govern[s] the mode of proceedings in federal court after removal," *Granny Goose Foods*, 415 U.S. at 438, federal courts apply state law in determining the validity of service in state court. *Dernis v. Amos Financial*, 701 Fed. Appx. 449, 453 (6th Cir. 2017) ("State rules of civil procedure, like those concerning service of process, apply in state court actions prior to removal to federal court."); *Bates v. Harp*, 573 F.2d 930, 934 (6th Cir. 1973) (holding that the failure to comply with state service-of-process rules can result in the dismissal of removed actions); 4A Wright & Miller, Federal Practice and Procedure § 1082. We thus look to Michigan state law to determine whether Plaintiff's service was proper.

Defendants in this case are 1) a governmental officer in his individual capacity; and 2) a public body. The State of Michigan service

requirements for these entities are governed by M.C.R. 2.105(A) and (G),

which state the following:

> M.C.R. 2.105(A)(2) (Individuals)
> Process may be served on a resident or nonresident individual by . . . **sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee**. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).
>
> M.C.R. 2.105(G) (Public Corporations)
> Service of process on a . . . public body may be made by serving a summons and a copy of the complaint on . . . the city clerk, or the attorney of a city . . . . The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and **sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office**.

(emphasis added). Here, Plaintiff served Defendants using FedEx, an

overnight mail service that provides tracking and delivery status updates

and requires a signature upon delivery. (*See* ECF No. 12-3, PageID.279;

*cf. What is Registered Mail®?* UNITED STATES POSTAL SERVICE (last

visited 10/30/2019), https://faq.usps.com/s/article/What-is-Registered-

Mail (explaining that registered mail provides tracking and delivery

status updates and requires a signature upon delivery from the addressee or addressee's agent).

Pursuant to Michigan Court Rule 2.102, a court may reinstate an action that is dismissed due to the failure to timely serve a defendant, provided the following conditions are satisfied:

(1) Within the time provided in subrule (D) [i.e., before the summons expires], service of process was in fact made on the dismissed defendant[s], or the defendant[s] submitted to the court's jurisdiction;

(2) Proof of service of process was filed or the failure to file is excused for good cause shown; and

(3) The motion to set aside the dismissal was filed within 28 days after notice of the order of dismissal was given.

M.C.R. 2.102(F). Plaintiff easily satisfies items (2) and (3). Even though Plaintiff's case was initially dismissed for failure to correctly file the proof of service, the WCCC Register of Actions shows that the services of complaint and proof of service were refiled on May 23 and accepted by the state court. Additionally, Plaintiff moved to set aside the dismissal seven days after WCCC dismissed the case. (*Id.*)

As to item (1), Michigan courts have repeatedly held that actual receipt of a summons and complaint will defeat a dismissal for improper service. *Holliday v. Townley*, 189 Mich. App. 424, 425 (1991) ("[I]f a

defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules."); *Bunner v. Blow-Rite Insulation Co.*, 162 Mich. App. 669, 674 (1987) ("Neither errors in the content of the service nor in the manner of service are to result in dismissal unless the errors are so serious as to cause the process to fail in its fundamental purpose.").

Similarly, Michigan's service rule itself creates a presumption against non-service dismissal if defendants received actual notice of the suit: "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules of service." M.C.R. 2.105(J). Michigan courts have liberally interpreted this provision to hold that "defects in the manner of service generally are not a basis for dismissing a defendant." *Nasser v. Abi-Abdallah*, No. 328755, 2017 WL 603580 at *3 (Mich. Ct. App. Feb. 14, 2017.) This liberal interpretation animates the ultimate purpose of service: "Service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated

to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, Plaintiff failed to strictly comply with M.C.R. 2.105 in that it did not serve Defendant by registered mail through the U.S. Postal Service. This distinction has mattered in other areas of Michigan law. *See W.A. Foote Memorial Hosp. v. City of Jackson*, 262 Mich. App. 333, 339-41 (2004) (holding that the statutory definition of "certified mail" excludes deliveries via FedEx for the purpose of a timely appeal with the Michigan Tax Tribunal under M.C.L. § 205.735(2)).

However, Michigan's rules for civil service of process—unlike Michigan's appellate rules for the Tax Tribunal—contain explicit guidance that actual notice defeats imperfect form. M.C.R. 2.102(F)(1); M.C.R. 2.105(J). While Plaintiff did not use registered or certified mail, Plaintiff *did* mail the appropriate entities a copy of the summons and complaint within the summons timeframe. Plaintiff's method of service, FedEx, provided many of the same secure features as registered mail, including tracking, delivery status updates, and delivery confirmation through signature. Most importantly, Defendants received actual notice

of the action within the 91-day limit. (*See* ECF Nos. 9-3, PageID.187-192 (copy of FedEx receipts showing that the pleadings were signed for at Defendants' addresses); 9-5, PageID.219 (Defendants' June 3 email confirming "recent" receipt of the pleadings and inquiring as to next steps).)

Michigan courts will dismiss cases when deficient service does not actually inform defendants of the pending case. In *Bankston v. Jackson*, the Michigan Court of Appeals upheld the dismissal of an action when the plaintiffs served a hospital via certified mail but someone other than the named defendants signed for the package. No. 338531, 2018 WL 3945899, at *2 (Mich. Ct. App. Aug. 16, 2018). Focusing on the lack of proof that the pleadings had made it to the named defendants and defendants' argument that they did not receive notice of the action until the default judgment against them, the trial court noted: "I think that [defendant] didn't have actual notice . . . I'm not finding that it was defective. I'm finding there wasn't any [service]." *Id.* In finding that the plaintiff had "wholly failed to employ . . . methods reasonably calculated to give defendant actual notice of the lawsuit," the appellate court upheld the dismissal. *Id.* at *4. However, Michigan courts have made clear that

it is the lack of actual notice—and not the deficiency in process alone—that requires dismissal in such cases. *Cf. Hill v. Frawley*, 155 Mich. App. 611, 614 (1986) (finding sufficient service of a summons and complaint on a defendant despite the fact that someone other than the defendant signed the return receipt, in part because "defendant acknowledged receiving the summons and complaint by retaining counsel and filing a summary disposition motion").

There is no doubt that Plaintiff's service took improper form. However, Michigan law makes clear that where the due process requirement of timely service is satisfied, actual notice will satisfy statutory requirements despite improper service. *See Nasser*, 2017 WL 603580 at *3; M.C.R. 2.102(F)(1); M.C.R. 2.105(J). Here, Defendants received Plaintiff's pleadings at the correct location within the appropriate timeframe, and Defendants' attorney contacted Plaintiff's attorney within two weeks of receipt to discuss filing an answer. (ECF Nos. 9-3, PageID.187-192; 9-5, PageID.219.) Because Defendants received timely actual notice of the action, M.C.R. 2.102 is satisfied. Plaintiff's motion to reinstate the case is GRANTED.

## C. Defendants' Pending Motion to Dismiss

Defendants move to dismiss Plaintiff's complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Dismissal is appropriate if Plaintiffs provided insufficient pre-removal service of process under Michigan law. *See Bates*, 573 F.2d at 934.

For the reasons previously stated, Plaintiff's service was not insufficient under M.C.R. 2.105. Defendants' motion to dismiss is DENIED.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion to reinstate the case is GRANTED. Defendants' motion to dismiss for improper service is DENIED.

IT IS SO ORDERED.

Dated: November 14, 2019          <u>s/Judith E. Levy</u>
Ann Arbor, Michigan              JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2019.

s/William Barkholz
Case Manager