## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Masjid Malcom Shabazz House of
Worship, Inc.,

                      Plaintiff,

v.

City of Inkster and Mark Minch,

                      Defendants.

_____/

Case No. 19-cv-11823

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

## OPINION AND ORDER DENYING
## DEFENDANTS' MOTION FOR RECONSIDERATION [39]

This case is before the Court on the motion for reconsideration filed by Defendants Inkster Building Official Mark Minch and the City of Inkster, Michigan. (ECF No. 39.) For the reasons set forth below, Defendants' motion is DENIED.

### I.  Background[1]

Plaintiff Masjid Malcom Shabazz House of Worship, Inc. initially filed its complaint in Wayne County Circuit Court. (*See* ECF No. 1,

---

[1] The Court has previously discussed the facts giving rise to this case and the case's procedural history. (*See* ECF No. 34, PageID.1011–1021; ECF No. 37,

PageID.5–17; ECF No. 37, PageID.1058.) Defendants then removed the case to this Court. (*See* ECF No. 1; ECF No. 37, PageID.1059.) Plaintiff's amended complaint asserts the following claims against Defendants: (1) Fourteenth Amendment procedural and substantive due process violations (Count I) (*see* ECF No. 20, PageID.558–559); (2) due process violations pursuant to "42 U.S.C. §[] 1983, . . . the Michigan law, [M.C.L. §] 125.540, [M.C.L. §] 125.541 and Defendant City of Inkster's own ordinances" (Count II) (*id.* at PageID.559–560); (3) violations of M.C.L. §§ 125.540 and 125.541 (Count III) (*see id.* at PageID.560–564); and (4) civil conspiracy (Count IV). (*See id.* at PageID.565–566.)

On November 30, 2020, the Court issued an opinion and order granting Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34; *see* ECF No. 37, PageID.1059–1060.) As previously summarized, the Court concluded the following in its November 30, 2020 Opinion and Order:

> 1. Plaintiff's civil conspiracy charge failed to state a claim as a matter of law because a municipality cannot conspire with its own employees;

PageID.1058–1060.) This Background section presents the facts and procedural history relevant to deciding Defendants' motion for reconsideration.

2. Plaintiff's charges under the two Michigan statutes (M.C.L. § 125.540 (titled "Notice of dangerous building; contents; hearing officer; service") and M.C.L. § 125.541 (titled "Hearing; testimony, determination to close proceedings or order building or structure demolished, made safe, or properly maintained; failure to appear or noncompliance with order; hearing; enforcement; reimbursement and notice of cost; lien; remedies")) failed to state a claim as a matter of law because Plaintiff failed to identify explicit causes of action within the statutes, and the Court declined to find an implied cause of action when Plaintiff had a due process claim available as an alternative;

3. Plaintiff's Fourteenth Amendment Substantive Due Process charge failed to state a claim as a matter of law because Plaintiff neither demonstrated that Defendants' conduct "shocked the conscious," nor articulated a deprivation of a liberty or property interest; and

4. Plaintiff's Fourteenth Amendment Procedural Due Process charge failed to state a claim as a matter of law because Plaintiff had administrative remedies available to it under state law.

(ECF No. 34, PageID.1023, 1028-1029, 1031-1032, 1034-1037.) The Court declined to separately address Plaintiff's [C]ount [II,] entitled "Violation of Section 1983-Due Process," (ECF No. 20, PageID.559), because it was duplicative of Plaintiff's Fourteenth Amendment substantive and procedural due process claim. (*Id.* at PageID.1023.)

(ECF No. 37, PageID.1059–1060.) On November 30, 2020, the Court also issued a judgment that dismissed the case with prejudice. (ECF No. 35.)

On December 14, 2020, Plaintiff filed a motion for reconsideration in which it asked the Court to reconsider the dismissal of Count III of the amended complaint. (ECF No. 36.) On August 12, 2021, the Court granted Plaintiff's motion for reconsideration as to Count III and remanded the case to Wayne County Circuit Court for further proceedings because the Court "decline[d] to exercise supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367." (ECF No. 37, PageID.1058; *see id.* at PageID.1066.) The Court concluded that "Plaintiff is correct that the Court erred in finding no private cause of action under [M.C.L. §§ 125.540 and 125.541]." (*Id.* at PageID.1062.) The Court further found that, based on the allegations in Plaintiff's amended complaint, "dismissal is not appropriate at this time as to Plaintiff's statutory claims, and Plaintiff has made the requisite showing for reconsideration of the Court's dismissal Order." (*Id.* at PageID.1065.) The Court stated:

> Both Plaintiff and Defendants argued in their pleadings that the Court should decline supplemental jurisdiction over Plaintiff's state law claims should it find private statutory causes of action. (ECF No. 24, PageID.735; ECF No. 36,

4

PageID.1049.) With no remaining federal claims in this case, the Court accordingly does so. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012)[] ("Following [dismissal of all federal claims], the district court in its discretion may properly choose whether to exercise § 1367(a) jurisdiction over the supplemental state-law claims; however, such a decision is 'purely discretionary.'")[.]

(*Id.* at PageID.1065–1066 (second alteration in original).) A notice of remand to Wayne County Circuit Court was filed in this case on August 12, 2021.[2] (ECF No. 38.)

On August 26, 2021, Defendants filed a motion for reconsideration of the Court's August 12, 2021 Opinion and Order granting Plaintiff's motion for reconsideration. (ECF No. 39.) Defendants ask the Court to

---

[2] On February 22, 2022, the Court issued an order requiring Defendants to provide a status report on the possible state court case in light of the August 12, 2021 notice of remand. (ECF No. 43.) In their status report, Defendants indicate that "there has been absolutely no activity in th[e state court] case since this Court's order of remand." (ECF No. 44, PageID.1118.) Attached as Exhibit A to Defendants' status report is the Register of Actions from the state court case as of February 27, 2022. (ECF No. 44-2.) The Register of Actions contains the following entries from 2021:

| 09/14/2021 | **Case Reopened - Higher Court Remanded Decision** |
| 09/28/2021 | **Order of Dismissal for No Progress, Signed and Filed** (Judicial Officer: Kenny, Timothy M.) |
| 09/28/2021 | **Case Not Reopened - Remanded from Higher Court** (Judicial Officer: Hughes, Muriel) |

(*Id.* at PageID.1122 (emphasis in original).)

"reconsider its decision to revive and remand Count III so that it can determine whether [M.C.L. §§] 125.540-.41, in fact, gives [sic] rise to an actionable, independent cause of action in this case or whether it is [sic] subsumed by Plaintiff's due process claim (Count II), which this Court has already dismissed." (*Id.* at PageID.1069, 1076; *see id.* at PageID.1082–1083.) According to Defendants, "courts that have decided cases involving claims brought under [M.C.L. §§] 125.540-.41 have treated them as components of due process claims, rather than standalone causes of action." (*Id.* at PageID.1069, 1076; *see id.* at PageID.1077–1078.) Defendants acknowledge that "[M.C.L. §] 125.534(2) *may* provide that '[a]n owner or occupant of the premises upon which a violation exists may bring an action to enforce this act [the Housing Law of Michigan] in his or her own name,' as this Court suggests (ECF 37; PageID 1062)," but they argue that "nothing specifically authorizes an independent cause of action for an alleged violation of the notice provision of [M.C.L. §§] 125.540-.41." (ECF No. 39, PageID.1077 (last alteration added) (emphasis added).)

In the alternative, Defendants ask for an opportunity to respond to Plaintiff's motion for reconsideration to "prove the futility of reviving and

remanding Count III—even if, *arguendo*, [M.C.L. §§] 125.540-.41 do give rise to an independent cause of action—because Plaintiff's claims under [M.C.L. §§] 125.540-.41 would be unequivocally barred under well-established doctrines of state immunity law." (*Id.* at PageID.1069, 1076; *see id.* at PageID.1079–1080.) Defendants argue that the Court should allow them to file a response "because Count III would be barred by application of Michigan's governmental immunity law making the resurrection and remand of Count III unnecessary, futile, and improper." (*Id.* at PageID.1070; *see id.* at PageID.1083.)

On February 22, 2022, the Court required the parties to provide supplemental briefing on "whether the Court has jurisdiction over this closed case and over Count III . . . such that the Court may consider granting Defendants the relief they seek in their motion for reconsideration." (ECF No. 43, PageID.1116.) The Court has reviewed the parties' filings. (ECF Nos. 45, 46.)

## II.    Legal Standard

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1,[3] a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if they "raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395

---

[3] Local Rule 7.1 was amended effective December 1, 2021. Because Defendants filed their motion in August 2021—before the amendments to Local Rule 7.1 took effect—the Court applies the old version of the rule in analyzing Defendants' motion. *See State Farm Fire & Cas. Co. v. Perry*, No. 21-cv-11128, 2022 WL 163613, at *1 n.1 (E.D. Mich. Jan. 18, 2022) ("using the old legal standard" to analyze a motion for reconsideration that was filed before the December 1, 2021 amendments to Local Rule 7.1 took effect). Therefore, references to Local Rule 7.1 that appear in this Opinion and Order are to the old version of the rule.

8

(6th Cir. 2007); *see Versah, LLC v. UL Amin Indus.*, No. 2:20-cv-12657-TGB-RSW, 2021 WL 493385, at *2 (E.D. Mich. Feb. 10, 2021) ("[I]t is well-settled law that parties cannot use a motion for reconsideration to raise new arguments or evidence that could have been presented earlier."). "Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (citing *Basinger v. CSX Transp., Inc.*, No. 94-3908, 1996 WL 400182, at *3 (6th Cir. July 16, 1996)). "Analogous to Federal Rule of Civil Procedure 59, motions for reconsideration under Local Rule 7.1(h) 'are aimed at *re* consideration, not initial consideration.'" *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011) (emphasis in original) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III.   Analysis

### A. Reconsideration of the Court's August 12, 2021 Opinion and Order

As noted, the Court granted Plaintiff's motion for reconsideration as to Count III and remanded the case to Wayne County Circuit Court on

August 12, 2021. (ECF No. 37.) On that date, a notice of remand was filed in this case. (ECF No. 38.) The Court remanded the case to state court because it declined to exercise supplemental jurisdiction over the state law claims in Count III under § 1367(c).[4] (*See* ECF No. 37, PageID.1058.)

As a preliminary matter, there is the question of whether the Court may review its prior order of remand under § 1367(c) or whether 28

---

[4] The Court did not specify in its August 12, 2021 Opinion and Order granting Plaintiff's motion for reconsideration as to Count III that the Court's decision to decline to exercise supplemental jurisdiction was pursuant to § 1367(c), but the Court's analysis relied on case law interpreting the exercise of the discretion provided by § 1367(c). (*See* ECF No. 37, PageID.1058, 1066 (citing *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012)).) *See Orton*, 668 F.3d at 850 (stating that "the district court in its discretion may properly choose whether to exercise § 1367(a) jurisdiction over the supplemental state-law claims; however, such a decision is 'purely discretionary'" (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing 28 U.S.C. § 1367(c)))).

Under § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over a claim over which the court may otherwise have supplemental jurisdiction under § 1367(a) if

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

U.S.C. § 1447(d)[5] acts as a bar prohibiting reconsideration. Defendants argue in their supplemental brief that "[t]his Court's decision to remand Plaintiff's state-law claim rather than exercise supplemental jurisdiction does not bar it from reviewing Defendants' motion." (ECF No. 45, PageID.1129.) According to Defendants, § 1447(d) "does not deprive [a District Court] of jurisdiction to consider its prior orders." (*Id.* at PageID.1130 (alteration in original).) In support of this argument, Defendants cite to cases from the District of Kansas as well as the Second, Third, Fifth, Sixth, and Seventh Circuits. (*See id.* at PageID.1130–1131.)

Two of the Sixth Circuit cases Defendants cite (*see id.* at PageID.1130)—*Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000), and *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Loc. No. 173*, 983 F.2d 725, 727 (6th Cir. 1993)—address

---

[5] Section 1447(d) provides that

[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

appellate review of remand orders, as opposed to district court-level review. In the third Sixth Circuit case Defendants cite (ECF No. 45, PageID.1131)—*Vogel v. U.S. Off. Prod. Co.*, 258 F.3d 509, 519 (6th Cir. 2001)—the Sixth Circuit considered "whether a district court is precluded from reviewing a magistrate-issued remand order." *Id.* No "magistrate-issued remand order" was entered here. In other words, Defendants do not reference a case from this circuit that specifically addresses whether a district court may review its prior remand order under § 1367(c). Nor does Plaintiff reference such a case in its supplemental brief. (*See* ECF No. 46.)

Nevertheless, there is support for the contention that § 1447(d) would not pose a bar to the Court's review of its own remand order under § 1367(c). In part, the Court looks to *Federal Practice and Procedure*, which states that "[w]ith the possible exception of an order for costs, in other respects an order of remand to state court ends the jurisdiction of the federal court over a case." 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3739 (rev. 4th ed. 2021) (footnotes omitted). The footnote that follows this sentence cites to cases that find that a remand order "[e]nds jurisdiction"; however, the footnote also cites

12

to cases that find that a district court may review its own remand order
if the remand is reviewable on appeal. *Id.* n.16.

Additionally, there is in-circuit precedent (albeit limited) that found
district court-level review of its own remand order pursuant to § 1367(c)
permissible despite § 1447(d). In *Hudson v. United Parcel Serv., Inc.*, a
recent case from the Western District of Kentucky, the plaintiff alleged
violations of the Family and Medical Leave Act ("FMLA") and
employment discrimination under state law. No. 3:19-CV-886-DJH-CHL,
2021 WL 2404353, at *1 (W.D. Ky. June 11, 2021). The district court
dismissed the plaintiff's FMLA claim and remanded the remaining state
law claims to state court. *See id.* The defendant filed a motion for
reconsideration of the district court's order of remand. *See id.* The district
court concluded that "§ 1447(d) does not prohibit reconsideration" of its
own remand order as follows:

> Generally "[a]n order remanding a case to the State court
> from which it was removed is not reviewable on appeal or
> otherwise." 28 U.S.C. § 1447(d). There are several exceptions
> to the bar on appellate review, however, and the Supreme
> Court "has consistently held that § 1447(d) must be read *in*
> *pari materia* with § 1447(c),[6] thus limiting the remands

---

[6] Section 1447(c) provides:

barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009) (citations omitted). As a result, § 1447(d) prohibits appellate review or reconsideration by the trial court of remands for a lack of subject-matter jurisdiction. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009); *see also Gibson v. Am. Mining Ins. Co.*, No. 08-cv-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (noting that, although the Sixth Circuit has not decisively answered whether § 1447(d) prohibits the trial court from reconsidering its own remand order based on subject-matter jurisdiction, the Sixth Circuit has suggested that § 1447(d) bars reconsideration of such remand orders and district courts in the circuit have followed this approach).[7]

---

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

[7] Indeed, the Sixth Circuit recently stated:

Other circuits have construed § 1447(d) as precluding further reconsideration or review of a district court's order remanding a case back to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 & n.1 (6th Cir. 1999) (collecting cases). These decisions have reasoned that a remand divests the district court of any further jurisdiction over the case. *See, e.g., In re La Providencia Dev. Corp.*, 406

Although remands for a lack of subject-matter jurisdiction are not subject to review because of § 1447(d), remanding supplemental claims under 28 U.S.C. § 1367(c) is an exercise of a district court's discretion and is not a jurisdictional matter. *Carlsbad Tech.*, 556 U.S. at 640. § 1447(d) therefore does not bar reconsideration of a court's decision declining to exercise supplemental jurisdiction over state-law claims when there are no remaining federal-law claims. *Id.*

Here, the Court dismissed [the plaintiff's] sole federal-law FMLA claim and then turned to the remaining state-law claims. (D.N. 21, PageID #165) Because the notice of removal (D.N. 1) did not clearly demonstrate that the Court had diversity jurisdiction over the remaining state-law claims, the Court considered whether it should exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). (D.N. 21, PageID # 165) The Court concluded that it should not exercise supplemental jurisdiction over the state-law claims (*id.*), and since this decision "is not a jurisdictional matter," § 1447(d) does not prohibit reconsideration of the Court's decision. *Carlsbad Tech.*, 556 U.S. at 640. The Court will therefore

---

F.2d 251, 253 (1st Cir. 1969) ("The district court has one shot, right or wrong."). Our circuit has yet to squarely resolve the issue, but the case law strongly suggests that the district court correctly held that it lacked jurisdiction. *See Gibson v. Am. Mining Ins. Co.*, Civil Action No. 08-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (collecting cases); *see also Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015) (noting the ordinary transfer rule that "[j]urisdiction follows the file . . . meaning that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts" (cleaned up)).

*Bank of N.Y. Mellon v. Ackerman*, 949 F.3d 268, 269 (6th Cir. 2020).

reconsider the portion of its Order remanding the remaining
state-law claims. *Id.*

*Id.* at \*1–2 (footnote omitted).

The situation before the Court is analogous to that presented in
*Hudson*. Like the district court in *Hudson*, this Court dismissed
Plaintiff's federal claims and then declined to exercise supplemental
jurisdiction over Plaintiff's state law claims in Count III under § 1367(c).
(*See* ECF Nos. 34, 37.) The Court's decision regarding supplemental
jurisdiction was discretionary and "not a jurisdictional matter." *Hudson*,
2021 WL 2404353, at \*2 (citing *Carlsbad Tech., Inc.*, 556 U.S. at 640).
Furthermore, the Court finds the reasoning articulated in *Hudson* to be
compelling. Under *Hudson*—the only case the Court found from this
circuit that addresses a district court's ability to reconsider its own order
of remand under § 1367(c)—the Court is not precluded by § 1447(d) from
reconsidering its August 12, 2021 Opinion and Order that granted
Plaintiff's motion for reconsideration as to Count III and remanded the
case to state court. Accordingly, the Court will consider Defendants'
motion seeking reconsideration of the August 12, 2021 Opinion and
Order.

16

## B. Defendants' Motion for Reconsideration

Having determined that Defendants' motion for reconsideration can be considered by the Court following the Court's order of remand, the Court will address Defendants' arguments in turn.

To the extent Defendants argue in their motion for reconsideration that M.C.L. §§ 125.540 and 125.541 do not give rise to an independent cause of action, they "merely present the same issue[] ruled upon by the court." E.D. Mich. LR 7.1(h)(3). Defendants argued in their motion to dismiss and in their related reply that M.C.L. §§ 125.540 and 125.541 "do[] not give rise to an independent, actionable cause of action that Plaintiff may now assert in federal court." (ECF No. 24, PageID.732; *see* ECF No. 33, PageID.1003–1004.) Defendants also argued in their motion to dismiss that "Count III of the Amended Complaint must be dismissed because it is not a recognized cause of action and Plaintiff pled alternative theories that could afford it the same relief." (ECF No. 24, PageID.734.) The Court has already considered and explicitly ruled on these arguments, first by granting Defendants' motion to dismiss and concluding that "violation of these statutes does not provide an independent cause of action." (ECF No. 34, PageID.1028.) Additionally,

17

the Court later granted Plaintiff's motion for reconsideration because Plaintiff demonstrated that "the Court erred in finding no private cause of action under these statutes." (ECF No. 37, PageID.1062.) Accordingly, the Court has already ruled on the issue of whether M.C.L. §§ 125.540 and 125.541 give rise to an independent cause of action, making this issue an improper ground on which to move for reconsideration. *See* E.D. Mich. LR 7.1(h)(3); *Versah, LLC*, 2021 WL 493385, at *3 (stating that courts in this district "have determined that 'a motion for reconsideration is not properly used as a vehicle to re-hash old arguments'" (quoting *Smith ex rel. Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003), and collecting cases)).

As for Defendants' arguments (1) that the Court should consider whether Count III "is subsumed by Plaintiff's due process claim (Count II)" (ECF No. 39, PageID.1069, 1076–1079), and (2) that Count III is barred by Michigan governmental immunity (*id.* at PageID.1069, 1079–1082), Defendants "could have . . . raised" these arguments "before a judgment was issued" but did not.[8] *Roger Miller Music, Inc.*, 477 F.3d at

---

[8] The Court notes that Defendants argued in their motion to dismiss and in their related reply that Defendant Minch was entitled to qualified immunity (*see* ECF No. 24, PageID.735–737; ECF No. 33, PageID.1004–1006); however, they made no

395; *Versah, LLC*, 2021 WL 493385, at *3 (concluding that a "motion for reconsideration is improper because it raises arguments and evidence that could have been considered in an earlier proceeding"). Accordingly, these two arguments are also improper grounds on which to move for reconsideration. *See* E.D. Mich. LR 7.1(h)(3); *Versah, LLC*, 2021 WL 493385, at *3 (stating that courts in this district "have determined that 'a motion for reconsideration is not properly used as a vehicle . . . to advance positions that could have been argued earlier but were not'" (quoting *Smith ex rel. Smith*, 298 F. Supp. 2d at 637, and collecting cases)).

Fundamentally, "a motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins*, 834 F. Supp. 2d at 641 (citing *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 811 (E.D. Mich. 2001)). Here, Defendants' motion for reconsideration presents the same issue that the Court already ruled on and presents

---

argument in either of these filings regarding Michigan governmental immunity barring Count III.

arguments that Defendants could have made in their motion to dismiss. Accordingly, Defendants are not entitled to the relief they seek.

Moreover, Defendants do not "'demonstrate a palpable defect by which the Court and the parties' have been misled," which Defendants must do for the Court to grant their motion for reconsideration. *Versah, LLC*, 2021 WL 493385, at *2 (quoting E.D. Mich. LR 7.1(h)(3)). In its August 12, 2021 Opinion and Order reconsidering Count III and remanding the case to state court, the Court found that there is a private cause of action under M.C.L. §§ 125.540 and 125.541 because

> M.C.L. § 125.534(2) provides that "[a]n owner or occupant of the premises upon which a violation exists may bring an action to enforce this act [the Housing Law of Michigan] in his or her own name." Additionally, should a plaintiff bring a cause of action under the statute, "[t]he court of jurisdiction shall make orders and determinations consistent with the objectives of this act." M.C.L. § 125.534(5).

(ECF No. 37, PageID.1062 (alterations in original).) Defendants do not dispute or challenge this statutory language. (*See* ECF No. 39, PageID.1077 (stating that "[M.C.L. §] 125.534(2) may provide that '[a]n owner or occupant of the premises upon which a violation exists may bring an action to enforce this act [the Housing Law of Michigan] in his or her own name,' as this Court suggests" (first alteration added)).)

20

Defendants argue that other courts' treatment of claims under M.C.L. §§ 125.540 and 125.541 as due process claims "reinforce[s] Defendants' position that "nothing specifically authorizes an independent cause of action for an alleged violation of the notice provision of [M.C.L. §§] 125.540-.41." (*Id.*) In support of their assertion that "courts treat claims brought under these statutory subsections as due process claims," Defendants cite to four unpublished opinions issued by the Michigan Court of Appeals.[9] (*Id.* at PageID.1077–1078.) Indeed, in the opinions Defendants cite, the Michigan Court of Appeals considered M.C.L. §§ 125.540 or 125.541 in the context of a due process analysis. But in at least two of the opinions, the court considered M.C.L. §§ 125.540 or 125.541 because the plaintiffs' due process claim was based on the defendant's alleged non-compliance with one of these statutes. *See Okragleski v. City of Mt. Clemens*, No. 235675, 2003 WL 1447885, at *2 (Mich. Ct. App. Mar. 13, 2003) (stating that the plaintiffs argued that

---

[9] The four unpublished opinions issued by the Michigan Court of Appeals that Defendants cite are: (1) *Okragleski v. City of Mt. Clemens*, No. 235675, 2003 WL 1447885 (Mich. Ct. App. Mar. 13, 2003); (2) *Sterling Bank & Tr., F.S.B. v. City of Pontiac*, No. 249689, 2005 WL 2016584 (Mich. Ct. App. Aug. 23, 2005); (3) *Wray v. City of Lansing*, No. 272868, 2007 WL 778563 (Mich. Ct. App. Mar. 15, 2007); and (4) *Sand v. Detroit Leasing Co.*, No. 301753, 2012 WL 1521583 (Mich. Ct. App. May 1, 2012). (*See* ECF No. 39, PageID.1077–1078.)

21

they were denied due process because they were not afforded a certain right under M.C.L. § 125.541); *Wray v. City of Lansing*, No. 272868, 2007 WL 778563, at *3 (Mich. Ct. App. Mar. 15, 2007) (stating that the plaintiffs "assert[ed] that they were denied due process of law because of the failure to provide necessary notice" as set forth in M.C.L. § 125.540). In other words, the plaintiffs in these cases did not assert claims exclusively under M.C.L. §§ 125.540 or 125.541 that the Michigan Court of Appeals then, on its own, treated as due process claims, as Defendants contend. Defendants do not show that parties are prohibited from asserting claims under M.C.L. §§ 125.540 and 125.541, based on their cited case law or otherwise. Accordingly, Defendants have failed to demonstrate that claims under M.C.L. §§ 125.540 and 125.541 cannot be asserted such that the Court's August 12, 2021 Opinion and Order contains a palpable defect.

Defendants' remaining arguments regarding the alleged futility of "reviving" Count III also fail to establish the existence of a palpable defect. Defendants argue that "the revival and remand of Count III [is] a palpable defect, as well as unnecessary and futile," because "[e]ven if, for the sake of argument, it is assumed that Plaintiff's claims under [M.C.L.

22

§§] 125.540-.41 give rise to an independent cause of action, it would be duplicative and indistinguishable from the procedural and substantive due process claims that this Court has already considered and disposed of." (ECF No. 39, PageID.1079.) Defendants also argue that case law and

> longstanding interpretations of Michigan's law of governmental immunity . . . show that it is beyond dispute that . . . even if [M.C.L. §§] 125.540-.41 provided independent causes of action as this Court found, Count III of Plaintiff's Complaint would still be barred and futile making the remand improper, unnecessary and itself a palpable defect.

(*Id.* at PageID.1082.) In making these arguments, however, Defendants do not show that there is a palpable defect because they do not carry their burden to identify "a defect that is obvious, clear, unmistakable, manifest, or plain." *Lockett*, 328 F. Supp. 2d at 684 (internal citation omitted).

Indeed, Defendants argued in their motion to dismiss that if the Court finds that "violations of [M.C.L. §§] 125.540 and 125.542 [sic] are recognized causes of action, this Court should decline to exercise supplemental jurisdiction." (ECF No. 24, PageID.734.) Defendants argued that the Court "should decline supplemental jurisdiction" with respect to Count III given that Count III "is a novel issue of state law

because neither the Michigan Legislature or state courts have permitted plaintiffs to assert them [sic] as independent causes of action." (*Id.* at PageID.734–735; *see* ECF No. 33, PageID.1004 n.1.) The Court has now declined to exercise supplemental jurisdiction over Count III, *as Defendants requested*, and Defendants do not demonstrate that the Court made a mistake that is "obvious, clear, unmistakable, manifest, or plain" in doing so. *Lockett*, 328 F. Supp. 2d at 684 (internal citation omitted).

As discussed above, "refusing to exercise jurisdiction under § 1367(c) is a discretionary—and not a jurisdictional—decision." 13D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, *Fed. Prac. & Proc. Juris.* § 3567.3 (3d ed. 2021). "As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial." *Id.* (footnote omitted). Here, the Court dismissed all federal claims before trial. It then declined to exercise supplemental jurisdiction over the state law claims in Count III under § 1367(c) and remanded the case to state court. Defendants do not show that this discretionary decision regarding supplemental jurisdiction is a palpable defect. As a result, Defendants have not met their burden under Local Rule 7.1. *See Witzke v. Hiller*, 972 F. Supp. 426, 427–28 (E.D. Mich. 1997) (denying the

plaintiff's motion for reconsideration because he did not demonstrate "any palpable defect" in the court's order and therefore "fail[ed] to meet his burden" under Local Rule 7.1).

Ultimately, even if the Court's findings in its August 12, 2021 Opinion and Order granting Plaintiff's motion for reconsideration were "obvious[ly], clear[ly], unmistakabl[y], manifest[ly] or plain[ly]" incorrect, *Lockett*, 328 F. Supp. 2d at 684, Defendants fail to "demonstrate . . . that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Defendants make no argument in their motion for reconsideration as to how correcting any palpable defect will alter the outcome of this case. Defendants' failure to make this showing provides an additional basis for denying their motion. *See Dunbar v. Booker*, No. 07-10993, 2007 WL 2421535, at *1 (E.D. Mich. Aug. 27, 2007) (concluding that "Petitioner's motion for reconsideration will be denied as Petitioner has failed to demonstrate that correcting the Court's error will result in a different disposition of this case").

## IV.  Conclusion

For the reasons set forth above, Defendants' motion for reconsideration (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2022                  s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2022.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager